(C. D. 533)

JOY MANUFACTURING CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided September 19, 1941)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted upon a particular importation described in the invoice as "1 M & C Dust Extractor complete." Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as a manufacture of metal not specially provided for. It is claimed that said article is properly dutiable at the rate of 27½ per centum ad valorem under paragraph 372 of said act as a machine not specially provided for, or parts thereof, or, alternatively, at the rate of 35 per centum ad valorem under paragraph 353 of said act as an article having as an essential feature an electrical element or device.

A leaflet issued by the foreign manufacturer illustrating and describing the merchandise at bar was admitted in evidence as illustrative exhibit A. The plaintiff-corporation also offered in evidence the testimony of John Merck, its chief engineer, who testified in part as follows:

By Mr. TOMPKINS.

Q. What is the purpose or use of this machine? What does it do?—A. To remove the coal dust during loading operations.

Q. Referring now to this picture or illustration on the left-hand side of this pamphlet or paper marked Illustrative Exhibit A, will you please explain briefly how this machine operates or works?—A. The machine itself consists of two conical chambers, connected with a narrow throat, connected by a narrow throat rather, in which a flow of air is introduced. With the machine goes a tank, partially filled with water, and with a hose connection for compressed air. From the tank goes a water line to a jet placed in the narrow throat of the dust extractor. In order to extract the dust during the loading operation, one end of the tube is placed over or along the side of the mine car, and a hood placed over a car to hold the dust down. Then compressed air is forced in through the jet, compressed air and water, and a valve is opened to the water tank.

Q. How is that valve operated; automatically or by hand?—A. By hand, for various amounts of water and air, but the water as it goes through the valve is broken up in small particles, and forms a mist, and by introducing air through the valve at the same time, they set up a flow, creating a vacuum under the hood which is placed over the car, and draws the dust out through the narrow throat of the dust extractor, and a series of baffles.

Q. What is a baffle?—A. Simply a plate set into the tube at various intervals, of various shapes, simply to set up a turbulence of the air, and through the mist of water and air, and the turbines, particles of dust will adhere to the water and settle in the tube, and after a certain amount has been accumulated, it can be removed through the doors in the tube itself.

By Mr. FITZGIBBON.

Q. When you speak of tubes, you mean the two cones?—A. The dust extractor tubes.

By Mr. TOMPKINS.

Q. What, if any, mechanical parts are there about this apparatus or machine?—A. No other mechanical parts.

Q. What are the ones you mentioned?—A. The dust extractor tube, the valve or jet, and the tank with the hose connections, and the regulating valve.

Q. And how fast does the air, or the air and water, move through this long tube?—A. That depends on the pressure of the air.

\* \* \* \* \* \* \*

On cross-examination the witness testified in part as follows:

X Q. When the water under the air pressure comes to the jet, it is there broken up to a mist?—A. Yes.

X Q. And the jet is nothing more than a nozzle through which water can pass, which has very minute holes in it?—A. Yes, and can be regulated.

X Q. The size of the hole can be regulated?—A. Yes.

\* \* \* \* \* \* \*

X Q. That valve which regulates that is merely in the nature of a butterfly valve opening and closing?—A. Yes.

X Q. And you regulate it by not opening it, or closing it all the way?—A. That is right.

X Q. And that valve is really the only moving part of the whole apparatus, is it not?—A. Yes.

On this record we are satisfied that the so-called dust extractor constituting the imported merchandise at bar is neither a machine nor a part of a machine in the tariff sense of the term. In itself it is not a mechanical contrivance, nor is it a part of the air pressure apparatus which supplies the motive power.

In our opinion this case is governed by the decisions in *United States* v. *National Folding Box Co.*, 24 C. C. P. A. 316, T. D. 48756, and *United States* v. *J. E. Bernard & Co., Inc.*, C. A. D. 142, in each of which the merchandise involved consisted of filters. In the former the filter was used in connection with two pumps, and in the latter with a pump and a bottling apparatus. In each instance the filter was held not to be a machine within the meaning of paragraph 372 of the Tariff Act of 1930.

On the established facts and the law applicable thereto we hold the present dust extractor to be properly dutiable at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as a manufacture of metal not specially provided for, as classified by the collector. All claims of the plaintiff are therefore overruled and judgment will be rendered accordingly.